IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| STANDARD INSURANCE COMPANY, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TAMMY DE LUNA AND JOHN § <br> ANTHONY DE LUNA, INDIVIDUALLY § <br> AND AS ADMINISTRATOR OF THE § <br> ESTATE OF GUADALUPE DAVID DE § <br> LUNA, DECEASED, § <br> § <br> Defendants. § | C.A. No. 5:22-cv-00019 |

**PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANTS**

Plaintiff Standard Insurance Company ("Standard") files this motion for default judgment (the "Motion") against Defendants Tammy De Luna ("Tammy") and John Anthony De Luna ("John") (collectively, the "Defendants"), and states:

1. **Nature of the Action.** This is an interpleader action to deposit life insurance proceeds into the Court's registry, obtain a declaration of the party or parties entitled to receive those proceeds, facilitate the dismissal of Standard from the case, and discharge Standard from further liability under the insurance policy at issue. Specifically, prior to his death, Guadalupe David De Luna (the "Insured") was employed by the City of Laredo as a firefighter. The City of Laredo established and maintained an employee welfare benefit plan through which it provided its employees group life insurance funded by Standard's Group Life Insurance Policy No. 754407 issued to the City of Laredo (the "Group Policy"):

$40,000.00 in Basic Life Insurance; $200,000.00 in Additional Life Insurance; $40,000.00 in Basic Accidental Death and Dismemberment ("AD&D") Insurance; and $250,000.00 in Additional AD&D Insurance. Standard also seeks a declaration that the $290,000 in AD&D benefits (the "AD&D Proceeds") are not payable to Defendants (or anyone else) under the express terms of the Group Policy.[1] Therefore, the life insurance proceeds in controversy for Standard's interpleader claim total $240,000 (the "Life Proceeds").

2. **Beneficiary Designation.** Under the Group Policy, if benefits are not payable to the Beneficiary, they are paid in equal shares to the first surviving class of: Your Spouse; Your Children; Your parents; Your brothers and sisters; or Your estate.

3. **The Insured's Death.** The Insured died on or about April 16, 2020. As part of Standard's investigation into the Insured's death, it received and reviewed the Insured's Certificate of Death (the "COD"), which lists the Insured's cause of death as "GUNSHOT WOUND OF CHEST" and lists the Insured's manner of death as "Homicide." Upon information and belief, the Insured was survived by Tammy, from whom he was apparently separated from at the time of his death, as well as the following children: Leliana Rios, John, Amanda Lozano, Clemente De Luna, Damian De Luna, Miguel De Luna, Uriel Lozano, and Sylvia De Luna. John was later appointed as the Administrator of the Estate.

4. **Tammy's Claim.** In August 2020, Standard learned of the Insured's death and Tammy submitted a claim for the Life Proceeds and the AD&D Proceeds under the Group Policy.

---

[1] Dkt.1, ¶ 4.

5. **The Competing Claims.** That same month, Standard received another claim under the Group Policy for the Life Proceeds and the AD&D Proceeds from John indicating that he was contesting Tammy's designation as Primary Beneficiary and demanding that she not receive payment of any proceeds under the Group Policy, but instead those benefits should be paid to the Insured's estate and other family members.

6. **Competing Claims—Standard's Possible Double Liability.** Standard initiated this lawsuit for two reasons. First, Standard is facing competing claims to the Life Proceeds and has a reasonable doubt as to whom, among the Defendants, is entitled to the Life Proceeds of $240,000. Moreover, despite being provided an opportunity to do so, Defendants have been unable to reach an agreement among themselves with respect to the Life Proceeds. Standard seeks resolution of these conflicting claims to the Life Proceeds in good faith. Standard is or may be exposed to double or multiple liability and/or vexatious litigation if it did not institute this action to resolve such competing claims to the Life Proceeds. Standard has no interest whatsoever in the Life Proceeds other than fulfilling its contractual obligation to pay the appropriate party. In sum, Standard has no independent liability to any of the Defendants and is a disinterested stakeholder entitled to the relief requested in this interpleader suit.

1. **The AD&D Proceeds Are Not Payable**. Second, Standard filed this lawsuit seeking declaratory relief related to the AD&D Proceeds, which are not payable to Defendants (or anyone else) for at least two reasons.[2] First, Defendants failed to provide

---

[2] These reasons are set forth fully in paragraphs 17 through 20 of Standard's Original Complaint for Interpleader [Dkt. No. 1], which are incorporated herein by reference for all purposes.

**PLAINTIFF'S MOTION FOR DEFAULT**
**JUDGMENT AGAINST DEFENDANTS**                                                                 Page 3

timely and adequate proof of loss demonstrating that the Insured's death was caused solely and directly by an accident, independent of all other causes, as opposed to the Insured engaging in the intentional and unlawful activities described above which resulted in his non-accidental death set forth in his COD. Second, even if Defendants had met their burden of demonstrating a covered loss under the AD&D coverage provisions in the Group Policy, such claim was properly denied due to the applicability of the AD&D exclusions. Specifically, and without limitation, the Insured's death is excluded from AD&D coverage under the Group Policy because the Insured was committing or attempting to commit an assault or felony when he died. Therefore, Standard asserts that that the AD&D Proceeds are not payable under the Group Policy.

7. **Procedural History.** On March 21, 2022, Standard filed its Complaint for Interpleader,[3] in which it sought interpleader relief regarding the Life Proceeds and declaratory relief regarding the AD&D Proceeds. Summons were issued in this case on March 23, 2022[4] and Standard served copies of the Complaint for Interpleader and Summons on Tammy and John by hand delivery through a process server.[5] However, Tammy and John have not answered or entered an appearance. Standard then filed a Motion to Deposit Funds on May 10, 2022.[6] The Court requested an advisory from Standard regarding subject-matter jurisdiction and authority for Court to grant Standard authority to

---

[3] Dkt. No. 1.
[4] Dkt. No. 3 and 4.
[5] Dkt. Nos. 5 and 6.
[6] Dkt. No. 7.

deposit funds in the Court's registry.[7] Thereafter, Standard promptly filed its advisory to the Court on June 1, 2022.[8]

On July 21, 2022, Standard requested an extension to deposit the funds into the Court's registry due unforeseen and unavoidable delays.[9] The Court granted Standard's request and gave Standard until August 4, 2022, to deposit the funds.[10] On July 25, 2022, Standard filed its second Advisory, informing the Court of its repeated unsuccessful attempts to contact Defendants and announcing its intention to seek default judgment should Defendants fail to appear or answer by August 4, 2022.[11] Standard deposited the funds into the Court's registry on August 4, 2022, but Defendants have still failed to answer or enter an appearance in the case. Standard therefore filed its Request for Clerk's Entry of Default on August 5, 2022.[12]

**8.     Defendants have Forfeited their Claims to the Life Proceeds.** The effect of a default judgment against a defendant named in an interpleader is that the party "who fails to answer the interpleader complaint and assert a claim to the *res* forfeits any claim of entitlement that might have been asserted." *See Metro. Life Ins. Co. v. Theriot*, No. 08-01480, 2010 WL 4644057 (W.D. La. Nov. 8, 2010) (quoting *Shuqualak Lumber Co., Inc. v. Hardin,* No. 1:08CV297-P-S, 2009 WL 2767676, at *1-2 (N.D. Miss. Aug. 27, 2009)); *see also Midland Nat'l Life Ins. Co. v. Santana-Ayala*, 5:19-CV-00591-JKP, 2020 WL

---

[7] Dkt. No. 8.
[8] Dkt. 9.
[9] Dkt. No. 18.
[10] Dkt. No. 19.
[11] Dkt. No. 22.
[12] Dkt. No. 24.

33598, at *2 (W.D. Tex. Jan. 2, 2020); *Mueller, Inc. v. Sanders*, 6:20-CV-114-H, 2021 WL 4137521, at *2 (N.D. Tex. June 15, 2021). By failing to answer and assert a claim to the Life Proceeds in this action, Defendants have forfeited their entitlement to same. *See id.* Accordingly, Standard is entitled to an order discharging it from the case and relieving it from any liability to Defendants related to the Life Proceeds. *See Wells Fargo Bank, N.A. v. Krenzen Auto Inc.*, No. 19CV5329PKCRER, 2021 WL 695122, at *3 (E.D.N.Y. Feb. 23, 2021) (holding failure to answer or appear by all defendants to case entitled interpleader plaintiff to discharge from liability related to interplead funds); *Guarantee Co. of N. Am. USA v. Barrera*, 908 F. Supp. 2d 39, 42 (D.D.C. 2012) (same).

9. **<u>Standard is Entitled to Declaratory Relief</u>**.  Moreover, due to Defendants' failure to answer or otherwise appear, Standard is entitled to an order from the Court declaring as follows: (1) Standard is entitled to be discharged from liability to Defendants, or any other person, with respect to the Life Proceeds; and, (2) Defendants' claim for the AD&D Proceeds is barred by applicable conditions precedent and/or exclusions in the Group Policy for the payment of such AD&D Proceeds.

To determine whether default judgment is appropriate in an action for declaratory relief, courts utilize a three-pronged test. *See RLI Ins. Co. v. 2 G Energy Sys., LLC*, No. 19-CV-00048-DC, 2020 WL 13430798, at *3 (W.D. Tex. July 24, 2020) (applying default judgment analysis to request for declaratory judgment). First, the court utilizes the factors set forth by the Fifth Circuit in *Lindsey* to determine whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Second, the court assesses the substantive merits of the Standard's claims to determine

whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In doing so, courts are to assume that due to its default, defendants have admitted all well-pleaded facts in the plaintiff's complaint. *Id.* Third, the court determines what form of relief, if any, the plaintiff is entitled to receive in light of the allegations set forth in the complaint. *Id.*

Here, all three prongs support entry of default judgment in favor of Standard on the two issues set forth above. First, all six of the *Lindsey* factors support entry of default judgment based on the Defendants' complete failure to answer or appear in this matter, the absence of any evidence justifying or excusing Defendants' failure, and the limited nature of the relief sought by Standard. *See RLI Ins. Co.,* 2020 WL 13430798, at *5. Second, Standard's pleadings provide a sufficient basis to support judgment in Standard's favor because the well-pleaded facts set forth in Standard's Complaint, all of which are deemed admitted based on Defendants' failure to answer or make an appearance, establish that Standard has complied with all of its duties related to the interplead Life Proceeds and that Defendants' claim for the AD&D Proceeds is barred by applicable conditions precedent and/or exclusions in the Group Policy. *See id.* at 6. Third, the declaratory relief requested by Standard is appropriate because it is limited to the relief Standard is entitled to receive pursuant to 28 U.S.C § 2361 (detailing relief available to interpleader) and 28 U.S.C. § 2201 (a) (detailing relief available in declaratory judgment proceeding). *See id.*

Therefore, Standard is entitled to default judgment against Defendants on its claims for declaratory relief and the Court should enter an order discharging Standard from liability to Defendants, or any other person, with respect to the Life Proceeds and declaring

that Defendants' claim for the AD&D Proceeds is barred by applicable conditions precedent and/or exclusions in the Group Policy for the payment of such AD&D Proceeds.

**10.** **Tammy Not in Military**. As set forth in the Declaration of Non-Military Service, which is attached hereto as Exhibit 1-A and incorporated herein by reference, Tammy is not on activity military duty.

**11.** **John Not in Military**. As set forth in the Declaration of Non-Military Service, which is attached hereto as Exhibit 1-B and incorporated herein by reference, John is not on activity military duty.

**12.** **Clerk's Entry of Default.** As stated above, Standard filed its Request for Clerk's Entry of Default on August 5, 2022[13] Pursuant to FED. R. CIV. P. 55(a), Standard is entitled to entry of default by the Clerk because Defendants have been duly and lawfully served, have failed to answer or otherwise appear, and the time for Defendants to answer, plead, or otherwise defend has expired. However, as of the date of this Motion, the Clerk has not yet entered default against the Defendants.

**13.** **Relief Requested.** Pursuant to FED. R. CIV. P. 55(b)(2), Standard requests that the Court enter the Default Judgment against Tammy and John submitted herewith.

---

[13] Dkt. No. 24.

Dated: September 2, 2022

Respectfully submitted,

By: */s/ Ryan K. McComber*
    Ryan K. McComber
    Texas Bar No. 24041428
    Fed. I.D. No. 621887
    ryan.mccomber@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that on September 2, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF. Additionally, in accordance with Local Rule 5.5, the foregoing was also served on Tammy De Luna and John Anthony De Luna by certified mail, return receipt requested.

                                                                      */s/ Ryan K. McComber*
                                                                      Ryan K. McComber