UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| STANDARD INSURANCE CO. § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:22-CV-19 |
| § | |
| TAMMY DE LUNA *et al.* § | |

# ORDER

In this interpleader action, Plaintiff Standard Insurance Company has moved for default judgment against Defendants Tammy de Luna and John Anthony de Luna (Dkt. No. 25).[1] For the reasons below, the motion is **GRANTED**.

## I.   BACKGROUND

### A. Factual Background

*1.   Guadalupe David de Luna's Life Insurance Policy*

In 2016, Standard issued Group Life Policy No. 754407-A (the "Policy") to the City of Laredo (Dkt. No. 1 ¶ 6). As a firefighter employed by the City, Guadalupe David de Luna received coverage under the Policy (*id.*). The Policy provided Guadalupe the following amounts in life insurance benefits: $40,000 in basic life insurance and $200,000 in additional life insurance (collectively, the "Life Proceeds") (*id.*). The Policy also provided Guadalupe the following amounts of accidental death and dismemberment (AD&D) insurance: $40,000 in basic AD&D insurance and $250,000 in additional AD&D insurance (collectively, the "AD&D Proceeds") (*id.*).

On information and belief, Standard believes Guadalupe designated Tammy

---

[1] In an interpleader action, a third party sues to determine the ownership rights of claimants who seek the same asset or property held by the third party. *See* 28 U.S.C. § 1335; Fed. R. Civ. P. 22; *Tittle v. Enron Corp.*, 463 F.3d 410, 425 (5th Cir. 2006) (citing *White v. FDIC*, 19 F.3d 249, 251 (5th Cir. 1994)).

as the Policy's primary beneficiary (*id.*). Under the Policy's terms, if Standard could not pay benefit proceeds to Guadalupe's beneficiary, Standard would pay the proceeds to Guadalupe's spouse, children, parents, siblings, or estate—whomever was the first surviving class (Dkt. No. 36-1 at 42–43). Additionally, the AD&D Proceeds were subject to certain terms and conditions (*id.* at 30–31). Relevant here, the Policy defined an AD&D-related loss as a loss of life "caused solely and directly by an accident" that occurred "independently of all other causes" (*id.*). Importantly, under the Policy's exclusions, the AD&D Proceeds were not payable if the loss of life was caused or partially caused by "committing or attempting to commit an assault or felony" (*id.* at 31).

    2.   *The Competing Claims*

Guadalupe died in April 2020 (Dkt. No. 1 ¶¶ 10, 20). Around four months later, in August 2020, both Tammy and John submitted competing claims for Policy benefits (*id.* ¶¶ 10–12). To the best of its knowledge, Standard believes Tammy was married to Guadalupe, though they seemed to be separated when Guadalupe died (*see id.* ¶¶ 10, 16). John is Guadalupe's son and the administrator of Guadalupe's estate (*id.* ¶ 10). Through his claim, John challenged Tammy's designation as Guadalupe's primary beneficiary (*id.* ¶ 12). He also demanded that the benefits be paid to Guadalupe's estate and other family members (*id.*).

After Standard received the claims in August 2020, it requested additional information from Tammy and John (*id.*). By March 2022, however, Standard had received no further information from Tammy, John, or anyone else (*id.*).

### 3. *Standard's Benefits Determination*

As part of its investigation, Standard obtained Guadalupe's death certificate, a criminal complaint, and a probable cause affidavit (*id.* ¶¶ 13–14). The affidavit alleged that in April 2020, Guadalupe entered Tammy's home without her permission (*id.* ¶ 14). Upon making entry, Guadalupe struck a man several times in the head (*id.*). Because Guadalupe would not relent, the man shot Guadalupe in self-defense (*id.*).

With this information, Standard determined that, although a claimant could receive the Life Proceeds, they could not receive the AD&D Proceeds (*id.* ¶¶ 16–20). In so concluding, Standard reasoned that (1) neither Tammy nor John provided a timely and adequate proof of loss, and (2) had they done so, the AD&D exclusion for assaults and felonies applied (*id.* ¶¶ 17–20). Based on the probable cause affidavit, Standard believed Guadalupe had committed Texas felony burglary and assault (*id.*).

### B. Procedural History

In March 2022—about a year and a half after Standard received the competing claims—Standard filed this lawsuit (*id.* ¶¶ 11–12). Standard sought two declaratory judgments (*id.* ¶ 22). The first would declare who would receive the Life Proceeds (*id.*). The second would declare that under the Policy's exclusion for assaults and felonies, the AD&D Proceeds were not payable to any claimant (*id.*).

In March 2022, Standard served Tammy and John with process (Dkt. Nos. 5, 6). To date, neither have appeared in this lawsuit (Dkt. No. 32). Because Tammy and John have failed to litigate their claims, Standard now seeks default judgment (Dkt. Nos. 25, 31). Specifically, Standard seeks a declaration that Tammy and John have

forfeited their claims to the Life Proceeds, and no claimant can obtain the AD&D Proceeds (Dkt. No. 25-1).

## II.  LEGAL STANDARD

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability." *United States ex rel. M-CO Constr. Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Because it is a drastic remedy, not favored by the Federal Rules, a party is not entitled to default judgment as a matter of right— even when a defendant is technically in default. *Benitez v. Atkins*, 776 F. App'x 253, 255 (5th Cir. 2019) (quoting *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001)) (quotations omitted). Accordingly, the decision to grant or deny default judgment is committed to the district court's discretion. *See Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir. 2018).

To determine whether default judgment should be entered, the district court must determine whether default judgment is procedurally proper and whether the pleadings plausibly allege a basis for relief. *See Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 497–98 (5th Cir. 2015); *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). If the movant satisfies these requirements, the district court must determine what relief, if any, the movant should receive.

## III.  DISCUSSION

### A. Whether Default Judgment is Procedurally Proper

To determine whether default judgment is procedurally warranted, the Court examines six factors: (1) whether any material facts are in dispute, (2) whether a party has suffered substantial prejudice, (3) whether the grounds for default have

4

been clearly established, (4) whether the default was caused by a good faith mistake or excusable neglect, (5) the harshness of a default judgment, and (6) whether the Court would think itself obliged to set aside the default. *Lindsey*, 161 F.3d at 893.

Here, all six factors weigh in favor of entering default judgment. First, because Tammy and John have not appeared or filed any responsive pleadings, no material facts are in dispute. *See Primerica Life Ins. Co. v. Basilio ex rel. UMB*, No. 4:22-cv-541, 2023 WL 3292879, at *2 (E.D. Tex. May 5, 2023). Second, a default judgment would not unduly prejudice Tammy and John because they have had more than a year to appear in this lawsuit. *See id*. Third, based on the procedural history of this case, the grounds for entering default have been clearly established (*see* Dkt. Nos. 5, 6, 9, 24, 29, 31, 32). Fourth, there is nothing in the record to suggest that Tammy and John's default resulted from a good faith mistake or excusable neglect. *Primerica*, 2023 WL 3292879, at *3. Fifth, entering default judgment would not be unduly harsh because Tammy and John have had since Guadalupe's death in April 2020 to communicate with Standard and help Standard process their claims (Dkt. No. 1 ¶¶ 11–12). And sixth, the record does not indicate that the clerk's entry of default should be set aside.

Because all six factors weigh in Standard's favor, entering default judgment would be procedurally appropriate.

### B. Whether the Pleadings Plausibly Allege a Basis for Relief

Regarding the Life Proceeds, Standard has plausibly stated a basis for interpleader relief. Standard has alleged that (1) a single fund is at issue and (2) there are adverse claimants to this fund. *See Auto Parts Mfg. Miss., Inc. v. King Constr. of*

*Houston, LLC*, 782 F.3d 186, 193 (5th Cir. 2015). Here, Standard has alleged that Tammy and John filed adverse claims to the Life Proceeds (Dkt. No. 1 ¶¶ 11–12).

Likewise, Standard has plausibly alleged that the Policy's exclusion applies to the AD&D Proceeds. Under Texas law, the insurer bears the burden of proving a policy exclusion's applicability. *John M. O'Quinn, PC v. Lexington Ins. Co.*, 906 F.3d 363, 367 (5th Cir. 2018). Standard has carried its burden by plausibly alleging that, in connection with his death, Guadalupe committed felony burglary and assault under Texas law (Dkt. No. 1 ¶¶ 17–20).

### C. Relief

Because default judgment is procedurally and substantively warranted, the Court must determine what relief, if any, should be granted. The Court concludes Standard is entitled to two declaratory judgments. Because Tammy and John have not appeared in this lawsuit, the Court will declare that both have forfeited their rights to the Life Proceeds. *See, e.g., Midland Nat'l Life. Ins. Co. v. Santana-Ayala*, No. 5:19-cv-591, 2020 WL 33598, at *2 (W.D. Tex. Jan. 2, 2020) ("The effect of a default judgment against a defendant named in an interpleader is that the party who fails to answer the interpleader complaint and assert a claim . . . forfeits any claim of entitlement that might have been asserted.") (quoting *Metro Life Ins. Co. v. Theriot*, No. 08-1480, 2010 WL 4644057, at *3 (W.D. La. Nov. 8, 2010)) (cleaned up). Regarding the AD&D Proceeds, the Court will declare that the Policy's exclusion applies, and Standard will not be liable for the AD&D Proceeds.

## IV.  CONCLUSION

For the foregoing reasons, Standard's motion for default judgment (Dkt. No. 25) is **GRANTED**. The Court will enter a default judgment under separate cover.

It is so **ORDERED**.

**SIGNED** July 10, 2023.

                                                Marina Garcia Marmolejo
                                                United States District Judge